[943 NYS2d 759]

In the Matter of CHARLES J. DIVEN (Admitted as CHARLES JAMES DIVEN), a Suspended Attorney, Resignor.

Second Department, May 8, 2012

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for the Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Charles J. Diven, admitted as Charles James Diven, has submitted an affidavit dated December 9, 2011, wherein he tenders his resignation as an attorney and counselor-at-law pursuant to 22 NYCRR 691.9.

Mr. Diven acknowledges that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee), which revealed that he violated Code of Professional Responsibility DR 1-102 (a) (3) (engaging in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and (4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) (22 NYCRR 1200.3 [a] [3], [4]) and DR 9-102 (a) and (c) (engaging in conduct involving failure to preserve the identity of funds and property of others) (22 NYCRR 1200.46 [a], [c]). Mr. Diven further acknowledges that he could not successfully defend himself on the merits of disciplinary charges predicated upon those allegations.

Mr. Diven avers that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation.

Additionally, Mr. Diven's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyer's Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Diven acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept Mr. Diven's resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Mr. Diven is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

RIVERA, J.P., SKELOS, DILLON, ANGIOLILLO and MILLER, JJ., concur.

Ordered that the resignation of Charles J. Diven, admitted as Charles James Diven, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles J. Diven, admitted as Charles James Diven, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Charles J. Diven, admitted as Charles James Diven, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles J. Diven, admitted as Charles James Diven, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Charles J. Diven, admitted as Charles James Diven, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).